UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEAUTYKO LLC; LINOI LLC; SHOP FLASH USA INC.; BEAUTYKO USA INC.; AND BENNOTI USA INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON FULFILLMENT SERVICES, INC., <br><br> Defendant. | Case No. C16-355 RSM <br><br> ORDER GRANTING IN PART MOTION TO WITHDRAW AS COUNSEL AND DEFERRING RULING ON AMAZON'S MOTION TO COMPEL |

This matter comes before the Court on a Motion for Withdrawal (Dkt. #50) filed by counsel of record for Plaintiffs and a telephonic Motion filed by Defendant Amazon Fulfillment Services, Inc., ("Amazon"), (*see* Dkt. #56). Plaintiffs' counsel requests relief under Local Rule 83.2(b). Amazon's Motion, brought after the Motion to Withdraw, seeks to compel Avi Sivan, the principal of the Plaintiffs' companies, to produce an amended errata to his deposition testimony consistent with a representation made in a subsequent email.

The Court will address the Motion to Withdraw first. Plaintiffs' counsel have satisfied the procedural requirements of Local Rule 83.2(b). Counsel have certified service of their Motion on opposing counsel and Plaintiffs as required. Dkt. #50 at 2. Counsel have also properly noted their Motion for consideration three Fridays after filing. Under Local Rule

ORDER GRANTING IN PART MOTION TO WITHDRAW AS COUNSEL AND
DEFERRING RULING ON AMAZON'S MOTION TO COMPEL - 1

83.2(b)(3), a business entity, except a sole proprietorship, must be represented by counsel, and that withdrawing counsel must advise their client of this rule and the consequences of their withdrawal. Plaintiffs' counsel states via declaration that they advised Plaintiffs that "because they are business entities they are required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney may result in the dismissal of Plaintiffs' claims and entry of default against Plaintiffs on Amazon's counterclaims." Dkt. #51 at ¶ 4. The Court notes that new counsel has not appeared in this matter, nor has the Court been informed of any progress on that front.

Plaintiffs' counsel have also provided substantial evidence to support their request. An attorney who requests withdrawal will ordinarily be permitted to do so "until sixty days before the discovery cut off date in a civil case…" LCR 83.2(b)(1). Discovery has long since ended, as have nearly all other pre-trial deadlines, including the deadline for motions in limine. Dkt. #55. The trial date has been continued repeatedly, and is now set for October 10, 2017. *Id.* In their Motion, Plaintiff's counsel state only that "[p]rofessional considerations require that Yarmuth Wilsdon PLLC move to withdraw as counsel for Plaintiffs in this action." Dkt. #50 at 1. However, Plaintiffs' counsel have also submitted documents for *in camera* review. *See* Dkt. #56 (minute entry for telephone conference held on Defendant's Motion to Compel, where Plaintiffs' counsel indicated they would submit materials on the instant Motion for *in camera* review). The Court notes, with some concern, that Plaintiffs' counsel have not certified that copies of these documents were sent to Plaintiffs.

Defendant Amazon has filed a Response but does not oppose this Motion. Dkt. #57 at 1. Instead, Amazon makes several requests of the Court: a) that trial not be continued; b) that the Court set August 14, 2017, as a settlement deadline; c) that "the Court impose a deadline on

ORDER GRANTING IN PART MOTION TO WITHDRAW AS COUNSEL AND DEFERRING RULING ON AMAZON'S MOTION TO COMPEL - 2

Plaintiffs of no later than August 14, 2017, whether directly or via counsel, to provide the outstanding amended errata of Avi Sivan;" and d) that the Court impose a deadline of August 9, 2017, for Plaintiffs to appear through new counsel or the Court will "immediately enter an order of default and the Court *sua sponte* set a date for an evidentiary hearing for Amazon to submit evidence supporting entry of default judgment against Plaintiffs." Dkt. #57 at 2.

The Court has reviewed the record, including the documents submitted for *in camera* review, and finds good cause for the withdrawal of Plaintiffs' counsel as individual attorneys and the firm in general. It is not possible for Plaintiffs' counsel to continue to represent Plaintiffs in this matter without running the significant risk of violating the Rules of Professional Conduct. The Court is satisfied that Plaintiffs have been adequately informed of the reasons for withdrawal and the necessity to obtain new counsel. Accordingly, the Motion to Withdraw will be granted. The Court is concerned by Plaintiffs' apparent failure to obtain new counsel, given the proximity to trial and the severe consequences facing Plaintiffs.

Turning to Amazon's requests, the Court first agrees that the trial date should not be extended further at this time. New counsel, if obtained, still has several weeks to prepare for trial. The Court does not believe it is proper or helpful to impose an arbitrary settlement deadline two months before trial and will not do so.

As to Amazon's third request and its Motion to Compel, the Court is inclined to grant Amazon's Motion based on the record so far. On the other hand, given that Plaintiffs are expected to obtain new counsel immediately, the Court will further defer ruling on the Motion to Compel and provide Plaintiffs an opportunity to properly respond, either by requesting a second telephonic hearing or by filing an opposition brief, not to exceed six pages, no later than August 24, 2017. Absent such, Amazon's Motion will be granted.

As to Amazon's fourth request, the Court will impose a deadline of August 24, 2017, for Plaintiffs to appear through new counsel. Should Plaintiffs fail to obtain counsel and make an appearance, the Court will enter an Order of Default and *sua sponte* set a date for an evidentiary hearing for Amazon to submit evidence for entry of default judgment against Plaintiffs.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that:

1. Plaintiffs' Counsel's Motion to Withdraw (Dkt. #50) is GRANTED. The Court directs that Plaintiffs' counsel and the law firm Yarmuth Wilsdon PLLC be terminated. Plaintiffs are currently without counsel and must have new counsel enter an appearance **no later than August 24, 2017**. All further correspondence to Plaintiffs shall be sent to the following addresses:

   BEAUTYKO LLC
   10 Bond Street, Suite 296
   Great Neck, NY 10021
   Telephone: (516) 441-5290

   SHOP FLASH USA INC.
   10 Bond Street, Suite 296
   Great Neck, NY 10021
   Telephone: (516) 441-5290

   LINOI LLC
   3 White Pine Lane
   Great Neck, NY 11023
   Telephone: (516) 441-5290

   BEAUTYKO USA INC.
   57 Watermill Lane
   Great Neck, NY 11021
   Telephone: (516) 441-5290

   BENNOTI USA INC.
   10 Bond Street, Suite 296
   Great Neck, NY 10021
   Telephone: (516) 441-5290

2. Amazon's telephonic Motion (*see* Dkt. #56) is DEFERRED. Plaintiffs have an opportunity to respond, either by requesting a second telephonic hearing or by filing an opposition brief, not to exceed six pages, **no later than August 24, 2017**. Absent such, Amazon's Motion will be granted.

ORDER GRANTING IN PART MOTION TO WITHDRAW AS COUNSEL AND
DEFERRING RULING ON AMAZON'S MOTION TO COMPEL - 4

DATED this 3rd day of August 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART MOTION TO WITHDRAW AS COUNSEL AND
DEFERRING RULING ON AMAZON'S MOTION TO COMPEL - 5