UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEAUTYKO LLC; LINOI LLC; SHOP FLASH USA INC.; BEAUTYKO USA INC.; AND BENNOTI USA INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON FULFILLMENT SERVICES, INC., <br><br> Defendant. | Case No. 16-355RSM <br><br> ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE SUMMARY JUDGMENT MOTION |

This matter comes before the Court on Defendant Amazon Fulfillment Services, Inc. ("Amazon")'s "Motion for Relief from Deadline and Leave to File Summary Judgment Motion." Dkt. #63.

Amazon cites to the local rules for a motion for relief from a deadline *and* for a motion to modify a scheduling order. However, the Court previously determined that this Motion does not seek relief from a pending deadline, but rather to modify the scheduling order, and renoted it accordingly. *See* Docket Entry, September 7, 2017. The Court was able to reach that determination because the dispositive motion deadline passed on March 14, 2017. *See* Dkt. #29. Although this Court has granted numerous subsequent extensions of the trial schedule, none of

ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE SUMMARY
JUDGMENT MOTION - 1

these new scheduling orders extended lapsed deadlines. *See* Dkts. #49, #55, #62.[1] Amazon is actually seeking to modify the current scheduling order to permit the filing of a dispositive motion in the narrow window of time before trial in this case, currently set for November 13, 2017. *See* Dkt. #62.

Amazon requests leave for it to file a motion for summary judgment on remaining claims and counterclaims because of "significant admissions disclosed on September 6, 2017, by Avi Sivan, the principal for Plaintiffs…" Dkt. #63 at 1. These admissions were made in response to Amazon's telephonic Motion to Compel and produced via declaration and amended errata to a deposition. *See* Dkts. #56, #61, #69-1.[2] Amazon argues that "[h]ad Mr. Sivan testified accurately in the first place almost a year ago when he was deposed on October 18, 2016, Amazon would have moved for summary judgment on all claims and counterclaims." Dkt. #63 at 1–2. Amazon argues that these admissions are sufficiently damning to allow Amazon "to file a motion for summary judgment now [that] could dispose of this case in its entirety." *Id*. at 2. Amazon addresses the appropriate legal requirement of "good cause" to modify the schedule under Rule 16 and Local Rule 16(b). Amazon's strongest arguments for good cause are judicial economy and fairness related to Plaintiffs' late disclosure of the amended errata. Amazon argues that "[a]n extension would streamline the issues for trial… [or even] dispose of this case without a trial." *Id*. To prove this, Amazon presents the merits of its proposed summary judgment motion. *See id*. at 4; *see also* Dkt. #73. Amazon's separate fairness argument is that it would have filed a summary judgment motion "promptly" if only it had received the errata in a timely fashion. Dkt. #63 at 3. Amazon's weaker arguments are that Plaintiffs will not be prejudiced by this and that the requested relief will not delay this case. *Id*. at 4. Amazon cites to several out-of-circuit cases

---

[1] Trial, originally set for February 6, 2017, has been continued **seven** times in this case. *See* Docket.
[2] The sufficiency of those admissions is the subject of Amazon's pending Motion for Sanctions. *See* Dkt. #68.

ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE SUMMARY
JUDGMENT MOTION - 2

where summary judgment motions have been allowed on the eve of trial, but notes that "[t]he Ninth Circuit has also suggested that [] a motion for judgment as a matter of law on the eve of trial is inappropriate." *Id*. at 2–3.

In Response, Plaintiffs generally argue Amazon has failed to show good cause and that questions of fact preclude summary judgment. Dkt. #70. Plaintiffs also conditionally request leave to file their own summary judgment motion should the Court grant this Motion. *Id*. at 1.

The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). For good cause shown, the Court may grant a request to modify or enlarge the deadlines in a Case Scheduling Order. Fed. R. Civ. P. 16(b)(4). A party's failure to complete discovery within the time allowed does not constitute good cause. LCR 16(b)(4).

The Court will first address the fairness argument. Although the Court generally agrees that Plaintiffs have acted in a dilatory fashion, the Court is equally concerned with Amazon's diligence. Plaintiffs promised an amended errata via email to Amazon's counsel on March 23, 2017. Dkt. #58 at 4. This email indicated the correction to testimony would relate to "alleged differences in certain Beautyko tee shirt products," and was significant enough to warrant withdrawing Plaintiffs' then-pending motion for summary judgment. *Id*. Plaintiffs did not immediately produce this errata. Amazon then waited four months before requesting a telephonic motion to compel. *See* Dkt. #56. Amazon's motion was essentially uncontested by Plaintiffs. *See* Dkt. #67 at 5:7–12. Amazon brought the instant Motion on September 7, 2017. Yet since March 23, 2017, Amazon has repeatedly requested modifications to the scheduling order without hinting at the need for leave to file a dispositive motion. The Court is particularly troubled by the silence on this issue at the September 5, 2017, telephone conference. At that time, Amazon

ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE SUMMARY JUDGMENT MOTION - 3

knew the amended errata was forthcoming, had previously stated to the Court that the errata concerned "a central evidentiary issue in the case" and apparently knew the forthcoming content of the errata, summarized as "the fact that Plaintiffs intentionally misrepresented to Amazon that the products that Plaintiffs sold to Amazon were all unique when, in fact, substantial products were, in fact, identical." *Id*. at 6. As far as the Court is presently concerned, this knowledge forms the central basis for Amazon's proposed summary judgment motion. Amazon allowed a discovery dispute to roll past the discovery phase, past the dispositive motion phase, past attempts at settlement, and up to the very doorstep of trial. Given all of this, the Court is not persuaded that Amazon acted diligently or that the delayed receipt of the errata constitutes good cause.

Turning to the question of judicial economy, the Court is not convinced that Amazon's proposed motion for summary judgment would significantly streamline issues for trial or dispose of this case entirely. Amazon's Reply argues that "Amazon has expert evidence that Beautyko violated the duty of good faith and fair dealing," and that this is sufficient to grant summary judgment on this claim because "Beautyko has no expert and has not (and cannot) provide credible evidence that its actions were commercially reasonable." Dkt. #73 at 3–4. Amazon's argument that Plaintiffs "cannot" provide evidence that its actions were commercially reasonable appears speculative, and the modifier "credible" practically demands that the Court make an improper assessment of credibility as a matter of law. Amazon also argues it "can prove damages – as a result of Beautyko's actions, Amazon received millions of dollars' worth of unsellable excess inventory." *Id*. at 3. Based on the limited information before it, the Court finds that a determination of whether inventory was "unsellable" and the *amount* of damages are likely questions of fact. Judicial resources are not conserved by the review and denial of a motion for summary judgment, followed by an inevitable trial to resolve questions of fact.

ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE SUMMARY JUDGMENT MOTION - 4

Finally, the Court notes that the filing of a summary judgment motion on the eve of trial clearly prejudices the non-moving party who would otherwise be preparing for trial, and that, if leave was granted, trial could easily be delayed and continued for the *eighth* time. Given all of the above, the Court concludes that good cause has not been shown and the Court will deny this Motion. The Court need not address Plaintiffs' conditional request for leave to file their own summary judgment motion.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant Amazon's Motion for Relief from Deadline and Leave to File Summary Judgment Motion, Dkt. #63, is DENIED.

DATED this 22nd day of September, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE