UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BEAUTYKO LLC; LINOI LLC; SHOP FLASH USA INC.; BEAUTYKO USA INC.; AND BENNOTI USA INC.,

Plaintiffs,

v.

AMAZON FULFILLMENT SERVICES, INC.,

Defendant.

Case No. 16-355RSM

AMENDED ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS AND ORDERING AMENDED ERRATA

This matter comes before the Court *sua sponte* to correct a scrivener's error in its September 29, 2017, Order Denying Defendant's Motion for Sanctions and Ordering Amended Errata, Dkt. #83. The Court incorrectly referred to the underlying Motion as "Dkt. #71" in the first and last paragraphs. The correct docket number is "Dkt. #68." The Court has made this sole change below, and this Amended Order replaces the Court's prior Order.

This matter comes before the Court on Defendant Amazon Fulfillment Services, Inc. ("Amazon")'s Motion for Sanctions. Dkt. #68.

On October 18, 2016, Amazon took the deposition of Avi Sivan, principal of Plaintiff companies. Dkt. #69 ("Declaration of Vanessa Power") at ¶ 2. Discovery closed on November 11, 2016. Dkt. #20. On March 23, 2017, Plaintiffs notified Amazon via letter that they had

AMENDED ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS AND ORDERING AMENDED ERRATA - 1

learned of "certain inaccuracies in Mr. Sivan's deposition testimony."  Dkt. #69-2.  Plaintiffs explained that Mr. Sivan "seeks to correct his deposition testimony" and that an "amended errata will follow."  *Id*.  After mediation and months of settlement discussions, Dkt. #69 at ¶ 3, the amended errata was never produced.  On July 18, 2017, Plaintiffs' counsel sought leave to withdraw.  Dkt. #50.  On July 31, 2017, the Court heard Amazon's telephonic Motion to Compel production of the amended errata, and delayed ruling until Plaintiffs acquired new counsel.  *See* Dkt. #56.

The Court held a second telephonic hearing on August 30, 2017.  Dkt. #61.  Amazon summarized the situation thusly: "…we previously had a telephonic Motion to Compel the amended errata of Beautyko's principal Avi Sivan, and Your Honor deferred ruling on that and gave Plaintiffs an opportunity upon securing new counsel to either have that motion amended or to file a response."  Dkt. #69-3 (transcript of hearing) at 2:6–11.  Plaintiffs' new counsel responded with "I do think that in terms of an actual response to the Motion to Compel, we are comfortable saying that there will be some sort of correction or supplementation made to Mr. Sivan's deposition testimony. And so to the extent that the request was for an order from you directing that to occur, that will happen."  *Id*. at 5:7–12.  The Court then stated that it would give Plaintiffs' counsel "until September 6th… to decide what you're going to do in this and then how you're going to respond to the motion that's currently out there…. if for whatever reason we miss that deadline, the Court will seriously considered [sic] imposing the types of sanctions as indicated by [Amazon's counsel]."  *Id*. at 6:17–7:2.

On September 6, 2017, Plaintiffs produced to Amazon a declaration signed by Mr. Sivan entitled "Deposition of Avi Sivan Errata and Supplement."  Dkt. #69-1.  The declaration does not serve the technical purpose of an errata in that it does not strike or specifically correct

testimony from a deposition line-by-line. Instead, the declaration is made to "clarify the record" and "supplement deposition testimony with respect to certain questions." *Id*. at ¶3.

Amazon now argues that this declaration is insufficient and that Plaintiffs should be sanctioned for violation of a court order. *See* Dkt. #68. The Court agrees that Plaintiffs' supplemental declaration is not an amended errata. Amazon was clearly seeking an amended errata in its telephonic motion, and Plaintiffs' declaration strikes the Court as less than sufficient to satisfy Amazon's requested relief. As it stands, Amazon was prejudiced by Plaintiffs' promise to produce an amended errata that has yet to materialize. However, the Court cannot find that Plaintiffs have violated a court order. According to the transcript, the Court was satisfied with Plaintiffs' response that they would provide "some sort of correction or supplementation made to Mr. Sivan's deposition testimony." Amazon did not object to this phrasing. The Court ended the telephonic proceedings by ordering Plaintiffs to respond with a correction or supplementation by a certain deadline. The Court stated that if Plaintiffs completely failed to respond it would consider sanctions. Plaintiffs did not completely fail to respond, and in fact produced essentially what they promised.

Given all of the above, the Court will deny this Motion and instead order Plaintiffs to produce, no later than Monday, October 6, 2017, an amended errata correcting Mr. Sivan's deposition testimony line-by-line. This amended errata must conform to the requirements of Rule 30(e).

The Court has reached this conclusion with minimal reliance on the parties' extensive briefing. Considering especially the Response and Reply briefs, the Court is dismayed that this small discovery issue, allowed well after the deadline for discovery motions, has grown into both a request for a discovery "do-over" and an attempted trial on the merits of this case.

AMENDED ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS AND ORDERING AMENDED ERRATA - 3

Plaintiffs' suggestion that Mr. Sivan's deposition be reopened now, nearly a year after the close of discovery, is unreasonable. *See* Dkt. #77 at 5. Amazon's eager agreement does not create good cause. *See* Dkt. #82 at 4–5. Mr. Sivan can explain any discrepancies in his prior testimony on the witness stand, and Amazon will have plenty of material for cross-examination. The Court will not allow this case to move backwards, and any prejudice to the parties caused by the passing of court deadlines is due solely to the actions and inactions of the parties and their counsel.

Both parties also improperly delve into the merits of this case.[1] Plaintiffs interpret this Motion as "a misplaced attempt to sidestep what Amazon cannot prove at trial: the existence of any contractual terms actually breached by the Plaintiff entities…" Dkt. #77 at 1. Plaintiffs then attempt to convince the Court of the *nonexistence* of such contractual terms by citing to interrogatory responses and attaching *over 1,000 pages* of documents under seal. *Id*. at 6–7; Dkt. #81. Not only do Plaintiffs fail to separate these documents into individual exhibits or cite to them by page number, Plaintiffs do not cite to these documents *at all* in briefing. This strikes the Court as litigation in bad faith. Amazon takes the bait, *e.g.* by arguing that it "defies logic and basic principles of contract law" for Plaintiffs to "take the position that unless the Contract expressly states that a 'new item' must be a 'new item,' it is permissible for Beautyko to sell Amazon duplicate items but call them all unique." Dkt. #82 at 3–4. The parties can save these merits arguments for the jury. Because the Court did not and will not rely on the 1,000 plus pages of sealed documents, the Court need not rule on the pending Motion to Seal (Dkt. #79) and will deny it as moot, and strikes the sealed documents from the record.

---

[1] This is especially ill-advised given the parties' previous request for leave to file dispositive motions well after the March 14, 2017, deadline, and the Court's Order denying that leave. *See* Dkt. #75.

AMENDED ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS AND ORDERING AMENDED ERRATA - 4

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that:

(1) Defendant Amazon's Motion for Sanctions (Dkt. #68) is DENIED.

(2) Plaintiffs shall produce to Amazon an amended errata of Mr. Sivan's deposition testimony, as stated above, **no later than 5:00 p.m. on Monday, October 2, 2017**.

(3) Plaintiffs' Motion to Seal (Dkt. #79) is DENIED AS MOOT.

(4) Plaintiffs' sealed documents (Dkt. #81) are STRICKEN and shall remain sealed.

DATED this 2nd day of October 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE