UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEAUTYKO LLC; LINOI LLC; SHOP FLASH USA INC.; BEAUTYKO USA INC.; AND BENNOTI USA INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON FULFILLMENT SERVICES, INC., <br><br> Defendant. | Case No. 16-355RSM <br><br> ORDER GRANTING IN PART STIPULATED MOTION RE: MOTIONS IN LIMINE |

This matter comes before the Court on the parties' Stipulated Motion Regarding Motions in Limine. Dkt. #85. The parties jointly request leave to file motions in limine after the deadline. The Court has previously denied this request, Dkt. #61, but more recently permitted the parties to seek leave again, Dkt. #62.

The deadline for motions in limine has long since passed in this matter, which has had a tortured procedural history. *See* Dkt. #75. Although the Court permitted the parties to seek the requested relief here, the Court expected an explanation for why the scheduling order should be modified now, months after the motions in limine deadline, along with evidence of good cause. *See* LCR 16(b)(4). Instead, the parties state only that "this case… will proceed much more smoothly if certain evidentiary issues are worked out before trial." Dkt. #85 at 1. This

ORDER GRANTING IN PART STIPULATED MOTION RE: MOTIONS IN LIMINE - 1

assertion is true in every case; that is why motions in limine exist. The parties do not explain why they failed to file motions in limine by the deadline or seek leave to modify the scheduling order prior to that deadline. Even if the parties had anticipated settlement, seeking such leave prior to the deadline passing would have been prudent. Furthermore, the parties do not provide any evidence that they have acted diligently in this matter, which could have come in the form of declarations or even a few sentences in briefing.

To a certain extent, the Court can fill in the blanks, given previously submitted evidence and argument. To their credit, the parties have apparently resolved many potential evidentiary issues, submitting only five disputed motions. *See* Dkt. #85. The Court will therefore grant in part the requested relief, but notes it could have easily denied this stipulated Motion for failure to meet the Local Rule 16(b)(4) standard.

The Court has reviewed the stipulation and will grant the agreed motions in limine and permit the parties to file the proposed motions in limine. The parties may not file any motions in limine not included in the Stipulated Motion. Each party's motions in limine must be filed in a single brief, not to exceed three pages, and noted for consideration on November 3, 2017. These motions in limine, apparently already prepared, are due on October 12, 2017. Any brief in opposition is limited to three pages as well, and due the Monday before the noting date.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that:

I. The following Agreed Motions in Limine are GRANTED:

1. Excluding evidence or testimony by Beautyko that relates only to Beautyko's dismissed claims for breach of contract, breach of the duty of good faith and fair dealing, and promissory estoppel, related to cancelled purchase orders. (This does

not preclude Beautyko from offering evidence or testimony related to Beautyko's remaining claims under any pleaded theory related to Amazon's alleged failure to pay invoices for product delivered.)

2. Exclude "David vs. Goliath" type argument regarding the parties' respective size, financial condition, or sophistication.

3. Preclude argument inviting jurors to put themselves in the place of the parties.

4. Preclude Beautyko from offering any expert evidence countering Amazon's expert's opinions and conclusions absent Beautyko's qualification of a lay witness as an expert.

5. Preclude Amazon from offering summary tables as evidence with conclusory labels placed on them. This does not preclude Amazon from proposing demonstrative exhibits, to which Beautyko may raise objections.

II. The parties request for leave to file disputed motions in limine is GRANTED. The parties may not file any motions in limine not included in the Stipulated Motion. Each party's motions in limine must be filed in a single brief, not to exceed three pages, and noted for consideration on November 3, 2017. These motions in limine are to be filed no later than October 12, 2017. Any brief in opposition is limited to three pages and due the Monday before the noting date.

DATED this 10 day of October, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART STIPULATED MOTION RE: MOTIONS IN LIMINE - 3