UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEAUTYKO LLC; LINOI LLC; SHOP FLASH USA INC.; BEAUTYKO USA INC.; AND BENNOTI USA INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON FULFILLMENT SERVICES, INC., <br><br> Defendant. | Case No. 16-355RSM <br><br> ORDER DENYING AMAZON'S MOTION TO CORRECT CASE SETTING |

This matter comes before the Court on Amazon Fulfillment Services, Inc.'s ("Amazon") "Motion to Correct Case Setting." Dkt. #91. Amazon argues that there has been no jury demand in this case and the deadline for making a demand has passed. Amazon admits that Plaintiffs indicated an intent to file a jury demand in the Joint Status Report, Dkt. #12 at 5, and that the Court issued an Order on the following day setting a jury trial, Dkt. #13. Amazon argues that this action by the Court was in error. Dkt. #91 at 2. Amazon argues that the Court cannot grant relief under Rule 39(b) unless some cause beyond mere inadvertence is shown. *Id*. at 3 (citing *inter alia*, *MEECO Mfg. Co., Inc. v. Imperial Mfg. Group*, Case No. C03-3061-JLR (W.D. Wash. June 20, 2005); *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001)).

ORDER DENYING AMAZON'S MOTION TO CORRECT CASE SETTING - 1

In Response, Plaintiffs ask that the Court "enter an order that the issues raised in the parties' respective claims and defenses be adjudicated by jury pursuant to Federal Rule of Civil Procedure 39(b) ("Rule 39") in the event that the Court does not outright conclude that Amazon is estopped from bringing its Motion at this late date and time." Dkt. #93 at 1. Plaintiffs ask that the Court treat this Response as a cross-motion to the extent necessary under Rule 39(b). Plaintiffs argue that the actions of the parties demonstrate more than mere inadvertence in failing to make a timely jury demand. Plaintiffs cite to the fact that Amazon was on notice of the jury demand prior to the deadline and stated in an email that "Amazon will not object if Beautyko makes a jury demand." Dkt. #93 at 3 (citing Dkt. #94-1 at 2).

Issues on which a jury trial is not properly demanded are to be tried by the court. Fed. R. Civ. P. 39(b). But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded. *Id*. Although an untimely jury demand waives a party's right to trial by jury, a court should "indulge every reasonable presumption against waiver of the jury trial right." *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1064 (9th Cir. 2005) (internal quotation omitted).

The parties have proceeded in this litigation for the past 17 months without correcting the above error of the Court. The parties have repeatedly stipulated to jury trial deadlines, multiple orders have set deadlines for jury instructions and proposed voir dire questions, and this case has come to the eve of trial repeatedly without this issue being raised. This case differs factually from *MEECO*, *supra,* cited by Amazon. In *MEECO*, the Court set a jury trial date but indicated that the parties should only submit proposed voir dire and jury instructions "if a jury demand is made." *MEECO,* Case No. C03-3061-JLR, Dkt. #270 at 2 (citing Dkt. #85). Here, the Court repeatedly entered Orders indicating that a jury demand had been

ORDER DENYING AMAZON'S MOTION TO CORRECT CASE SETTING - 2

successfully made, and Amazon proceeded to file stipulations referring to jury trial deadlines. Plaintiffs' inaction thus constitutes more than mere inadvertence or oversight and relief under Rule 39(b) is warranted. The Court further finds that Amazon should be estopped from opposing such relief, given its participation in the mistake, the clear lack of prejudice it will suffer from proceeding with a jury trial, and the lateness at which it raises this issue.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that:

Amazon's Motion to Correct Case Setting (Dkt. #91) is DENIED.

DATED this 31 day of October, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE