UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BEAUTYKO LLC; LINOI LLC; SHOP FLASH USA INC.; BEAUTYKO USA INC.; AND BENNOTI USA INC.,

Plaintiffs,

v.

AMAZON FULFILLMENT SERVICES, INC.,

Defendant.

Case No. 16-355RSM

ORDER RE: MOTIONS IN LIMINE

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion in Limine, Dkt. #89, and Defendant Amazon Fulfillment Services, Inc. ("Amazon")'s Motions in Limine, Dkt. #87. For the reasons set forth below, these Motions are GRANTED, DENIED, and DEFERRED.

## II. PLAINTIFFS' MOTIONS IN LIMINE

1. Plaintiffs first move "to preclude Amazon from offering or referring to documents other than those identified in Amazon's answers to Beautyko's Interrogatories 1, 2, and 23 and responses to Requests for Production 1 and 2 as evidence of the purported contract terms of any contract or agreement between Amazon and Beautyko at issue in this case,

ORDER RE: MOTIONS IN LIMINE - 1

and to preclude Amazon witnesses from testifying to purported contract or agreement terms that are not in those documents." Dkt. #89 at 2. Plaintiffs argue that the documents produced by Amazon in response to the above discovery requests are the only "operative contractual terms of the relationship between Amazon and [Plaintiffs]," and that using other evidence at trial would violate Rule 37(c)(1). *Id*. In Response, Amazon argues that Plaintiffs' Motion goes too far because Amazon is entitled to present evidence about the parties' course of performance and usages of trade to support Amazon's counterclaim of the breach of duty of good faith and fair dealing. Dkt. #95 at 2. The Court agrees with the law cited by Amazon; the parties may discuss extrinsic evidence as allowed under *Berg v. Hudesman*, 115 Wn.2d 657, 801 P.2d 222 (1990) and as otherwise relevant to support or defend the counterclaim of the breach of duty of good faith and fair dealing. This Motion does not seek to exclude this type of evidence, only to exclude evidence of actual contract or agreement terms that were not in produced documents. Accordingly, this Motion is GRANTED. Amazon is precluded from offering or referring to documents other than those identified in Amazon's answers to Plaintiffs Interrogatories 1, 2, and 23 and responses to Requests for Production 1 and 2 as evidence of the purported contract terms of any contract or agreement between Amazon and Plaintiffs at issue in this case, and Amazon witnesses are precluded from testifying to purported contract or agreement terms that are not in those documents.

2. Plaintiffs next move to preclude Amazon from offering evidence that Plaintiffs "intentionally failed to provide images" for certain products on the Amazon website because Amazon failed to identify those products in response to a valid discovery

request. Dkt. #89 at 3–4. Specifically, Plaintiffs' Interrogatory No. 10 stated: "Identify the products for which Plaintiffs "intentionally failed to provide images," as alleged in Counterclaim Complaint ¶ 10." Dkt. #90-5 at 3. Amazon objected to this interrogatory on the basis that Plaintiffs are the only ones who know when a failure to provide an image was "intentional." *Id.* at 3–4. Amazon identified no products and never supplemented its answer. *See id.;* Dkt. #90-1; Dkt. #90-2. Amazon responds to this Motion by again arguing that Plaintiffs were in the best position to identify which products Plaintiffs *intentionally* failed to provide images. Dkt. #95 at 3. Amazon argues, without citation to evidence, that it did "produce countless documents that identify products for which Beautyko failed to provide images, as required." *Id.* The Court finds that Amazon's response to Plaintiffs' Interrogatory No. 10 was unreasonably unresponsive—presumably Amazon had some basis for claiming in its counterclaim that Plaintiffs intentionally failed to provide images. Furthermore, Amazon failed to supplement its interrogatory, despite now claiming that it has circumstantial evidence to present to the jury that Plaintiffs unreasonably failed to provide product images and that this was likely intentional. *See id.* If it is Amazon's position that it need not prove the *intent* of Plaintiffs to fail to provide images, it should have at least produced the list of products for which no image was provided in response to Interrogatory No. 10, or present evidence to the Court now that this has occurred in response to some other discovery request. Given all of this, the Court finds that Plaintiffs' requested relief is warranted under Rule 37(c)(1). This Motion is GRANTED. Amazon is precluded from offering evidence that Plaintiffs intentionally failed to provide images for products on the Amazon website.

3. Finally, Plaintiffs move to preclude Amazon from "offering evidence of purchase orders to support its counterclaims related to 'excess inventory.'" Dkt. #89 at 4. Plaintiffs requested purchase orders in discovery, only for Amazon to respond with "data reflecting purchase orders, but not the purchase orders themselves." *Id*. Plaintiffs seek to preclude Amazon from offering actual purchase orders never produced under Rule 37(c)(1), and from offering the data under FRE 1006 as a summary where the underlying documents were never made available. Plaintiffs argue that "because the content of the purchase orders is directly at issue, the best evidence rule embodied in FRE 1002-1004 precludes testimony about the content of the purchase orders." *Id*. In Response, Amazon argues that "the purchase orders no longer exist in any stagnant, template form," and that "[a]ll underlying data that populated the purchase orders, however, do exist, and were produced in discovery." Dkt. #95 at 4. Amazon argues that Plaintiffs "do[] not dispute that Amazon produced all data in its possession, [Plaintiffs] merely take[] issue with the form of Amazon's production, without basis." *Id*. Amazon argues that it has witnesses who will testify that the spreadsheets produced by Amazon "are complete and contain the same data that populated purchase orders," and that this means the spreadsheets are the original documents for purposes of the best evidence rule. *Id*. The Court finds that Amazon adequately responded to Plaintiffs' discovery requests with the information it had, and that objections to this evidence based on FRE 1002-1004 and FRE 1006 are best left for trial. Amazon will not offer actual purchase orders having declared to the Court that they no longer exist. This Motion is DEFERRED.

## III. DEFENDANT'S MOTIONS IN LIMINE

1. Amazon first moves to exclude "testimony by Beautyko that it notified Amazon [that its products were allegedly listed incorrectly on Amazon's site] where, as here, evidence was affirmed to be available but none was produced," citing FRE 403. Dkt. #87 at 3. Amazon seeks to preclude testimony that Beautyko initiated "trouble tickets," that Beautyko provided correct images to Amazon that Amazon failed to upload, and that Beautyko employees contacted numerous, unspecified individuals at Amazon. *Id*. Amazon argues that evidence to support the above was all said to exist by Beautyko's principal Avi Sivan in deposition, and that he essentially made bold, outlandish, and false statements that, if repeated at trial, would be "difficult, if not impossible to handle… through objections and impeachment at trial." Dkt. #87 at 3. In Response, Plaintiffs argue that this Motion is overreaching, that some of the above claims are supported by evidence, and that at the very least Plaintiffs should be afforded the opportunity to question Amazon witnesses on these topics. The Court disagrees that it would be impossible to handle this issue through objections and impeachment. If this is difficult, it does not seem to be any more difficult than a typical trial where facts are in dispute. The Court does not have a basis to exclude this evidence now under FRE 403 and will hear objections at trial. This Motion is DENIED.

2. Finally, Amazon moves to exclude testimony that products mentioned in its Interrogatories Nos. 13 and 14 are different products. Amazon essentially argues that Plaintiffs failed to respond to these interrogatories and objected improperly on relevance. Dkt. #87 at 4. In Response, Plaintiffs state that they will "not offer testimony that the products enumerated in Interrogatory Nos. 13 and 14 are different from a

physical standpoint." Dkt. #96 at 4. Plaintiffs make the Orwellian argument that "'Different' can have different meanings…. items that are the same from a physical or a manufacturing standpoint can be different from a marketing standpoint." *Id*. at 3. This strikes the Court as saying that the products are different if Plaintiffs say they are different. Given Plaintiffs' concession that they will not argue the products are different from a physical standpoint, Plaintiffs' evidence submitted via deposition and errata submission, and the Court's faith in Amazon's ability to respond at trial to Plaintiffs' "different from a marketing standpoint" argument above, this Motion is DENIED.

## IV. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the above Motions in Limine (Dkts. #87 at #89) are GRANTED, DENIED, AND DEFERRED as stated above.

DATED this 1 day of November, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE