UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEAUTYKO LLC; LINOI LLC; SHOP FLASH USA INC.; BEAUTYKO USA INC.; AND BENNOTI USA INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON FULFILLMENT SERVICES, INC., <br><br> Defendant. | Case No. C16-355 RSM <br><br> ORDER GRANTING IN PART MOTION FOR SUPPLEMENTAL PROCEEDINGS, GRANTING IN PART MOTION FOR PROTECTIVE ORDER, AND DENYING MOTION TO SEAL |

This matter comes before the Court on Amazon Fulfillment Services, Inc. ("Amazon")'s Motion for Supplemental Proceedings (Dkt. #139), Plaintiffs Beautyko LLC, Linoi LLC, Shop Flash USA Inc., Beautyko USA Inc., and Bennoti USA Inc. (collectively referred to as "Beautyko")'s Motion for Protective Order (Dkt. #142), and Amazon's related Motion to Seal (Dkt #147). Amazon seeks an order requiring Beautyko to appear for supplemental proceedings and to testify under oath concerning assets and property that may be used to satisfy the outstanding judgment in this case. Beautyko opposes this request on various grounds. For the following reasons, the Court GRANTS IN PART Amazon's Motion for Supplemental Proceedings, GRANTS IN PART Beautyko's Motion for Protective Order, and DENIES Amazon's Motion to Seal.

ORDER RE: SUPPLEMENTAL PROCEEDINGS - 1

## I. BACKGROUND

On November 22, 2017, judgment in the amount of $3,611,999.80 was rendered in favor of Defendant Amazon and against Plaintiffs. Dkt. #136. On December 22, 2017, costs in the amount of $4,950.14 were taxed against Beautyko (Dkt. #138). The judgment against Beautyko thus totals $3,616,949.94, not including interest. Beautyko has not appealed this judgment and the judgment remains unsatisfied. *See* Dkt. #140 (Declaration of Vanessa Power) at ¶¶ 3–4. Amazon believes, based on discovery in this case and discussions with Beautyko's counsel, that Beautyko owns property or has assets that may be used to satisfy the judgment. *Id*. at ¶ 5.

## II. DISCUSSION

### A. Motion for Supplemental Proceedings

Federal Rule of Civil Procedure 69(a)(2) provides: "[i]n the aid of the judgment . . . the judgment creditor . . . may obtain discovery from any person—including the judgment debtor…" The procedure "in proceedings supplementary to and in aid of judgment . . . must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Under Washington State's supplemental proceedings statute, a judgment creditor may apply for an order requiring the judgment debtor "to appear at a specified time and place" to answer concerning a judgment "[a]t any time within ten years after entry of a judgment." RCW 6.32.010. Where the judgment is a corporation, the "corporation must attend by and answer under the oath of an officer thereof." RCW 6.32.050.

Under RCW 6.32.010, a court may order a judgment debtor not only "to appear in court for examination" but also "to produce certain described documents." *Arnold v. Nat'l Union of Marine Cooks & Stewards Ass'n*, 42 Wn.2d 648, 649, 257 P.2d 629 (1953); *Britannia Holdings*

*Ltd. v. Greer*, 127 Wn. App. 926, 929, 113 P.3d 1041 (2005) (referring to court orders in supplemental proceedings requiring judgment creditor to provide "information and documents" as well as a "full accounting"). The purpose of this procedure is to "make the judgment debtor answer concerning the extent and whereabouts of his or her property and, if possible, to enable the judgment creditor to locate nonexempt property belonging to the judgment debtor which may be applied on the debt." *Rainier Nat'l Bank v. McCracken*, 26 Wn. App. 498, 511, 615 P.2d 469 (1980).

Pursuant to the above laws, Amazon now requests that an examination be ordered of Avi Sivan as corporate representative of all of the Beautyko entities. Amazon lists 14 topics of investigation in its Motion. *See* Dkt. #139 at 3–4.

In Response, Beautyko first argues that "the requested discovery is far overreaching and should be limited." Dkt. #145 at 1. Specifically, Beautyko objects to two of topics of investigation:

> 4. Corporate income tax returns for the past five years for each Judgment Debtor **and all income tax returns for any business in which Avi Sivan has had an interest in at any point in the past five years**. If the filing of the most recent return is pending but the return has been prepared or the information is available, this information is requested as well.
>
> 5. **Personal income tax returns for the past five years for Avi Sivan and Prem Ramchandani**. If the filing of the most recent return is pending but the return has been prepared or the information is available, this information is requested as well.

*Id.* at 2 (citing Dkt. #139-1) (emphasis added by Beautyko). Beautyko objects to the Motion "to the extent that additional requests can be interpreted as requiring the Judgment Debtors to produce personal financial information of nondebtor people or entities." *Id*. Beautyko points out that judgment was entered against the Beautyko entities, not against Avi Sivan or Prem

ORDER RE: SUPPLEMENTAL PROCEEDINGS - 3

Ramchandani. Beautyko requests that any examination take place in the Eastern District of New York. Beautyko equates Amazon's Motion to requesting the Court enter an order for a subpoena that an examination be conducted under Rule 30(b)(6). *Id.* at 5.

On Reply, Amazon argues that certain facts make discovery into the personal financial information of Mr. Sivan and Mr. Ramchandani appropriate. These facts are:

> (1) Mr. Sivan and Mr. Ramchandani are the only owners of the Beautyko Plaintiffs; (2) the Beautyko Plaintiffs shared the same addresses, warehouses, emails, tax identification numbers, and even bank accounts, thus commingling funds and other assets, not only between and among the Beautyko Plaintiffs, but between and among at least seven known non-judgment debtor businesses; (3) Mr. Sivan conducted business on behalf of Beautyko Plaintiffs as well as non-judgment debtor businesses - with Amazon if not others - using his personal email account; and (4) at least two of the Beautyko Plaintiffs loaned substantial funds to Mr. Sivan and/or Mr. Ramchandani, and at least one of the Beautyko Plaintiffs received substantial loans from Mr. Sivan.

Dkt. #153 at 2. Amazon cites several cases in support of this contention. *Id.* (citing *Falicia v. Advanced Tenant Services, Inc.*, 235 F.R.D. 5, 9 (D.C. 2006) (allowing discovery of non-party companies that were owned by members of the same family that owned the judgment debtor corporation); *E.I. DuPont de Nemours and Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288 (E.D. Va. 2012) (under Rule 69, presumption is in favor of full discovery of any matters related to a judgment creditor's efforts to trace debtors' assets and otherwise to enforce a judgment); *Credit Lyonnais, S.A. v. SGC Intern., Inc.*, 160 F.3d 428 (8th Cir. 1998) (reversing and remanding order denying motion to compel deposition of individual officer of judgment debtor corporation, including inquiry into individual's personal finances and assets and transfers of assets between individual officer and judgment debtor corporation)). Amazon also argues that venue for the examination is proper here in the Western District of Washington because Beautyko filed this litigation in the first instance here, and because Beautyko's arguments

ORDER RE: SUPPLEMENTAL PROCEEDINGS - 4

related to the subpoena rule are irrelevant because there is no subpoena at issue with this Motion. *Id*. at 6.

The scope of discovery allowed under Rule 69 is broad. *See Republic of Argentina v. NML Capital, Ltd.*, 134 S.Ct. 2250, 2254 (2014) ("The rules governing discovery in post judgment execution proceedings are quite permissive."). The Court finds that Amazon has presented credible evidence that Mr. Sivan commingled his assets and the assets of other non-debtor entities with the Beautyko entities and otherwise blurred the lines between his businesses and himself, and that this is consistent with evidence already presented at trial. Given this information, almost all of the requested discovery is warranted. However, the Court finds that Amazon has not presented sufficient evidence to justify discovery into Mr. Ramchandani's personal tax returns. That portion of Amazon's Motion will be denied.

The Court further finds that the proper venue for the examination is in the Western District of Washington. Beautyko has failed to present any valid basis to challenge Amazon's request to hold the examination here, where Beautyko itself filed suit. The Court notes that Beautyko has failed to present any evidence that it would be a significant hardship for Mr. Sivan to travel here for examination.

**B. Motion for Protective Order**

In addition to opposing the above Motion, Beautyko has also filed a Motion of a Protective Order seeking to restrict Amazon from "pursuing financial information from any person or entity other than the Beautyko entities." Dkt. #142 at 1. Specifically, Beautyko moves to prevent a portion of six third-party subpoenas. Each of these subpoenas seek the following:

> All documents, including communications, related to any contracts
> or business relationship with any of the following companies or

individuals, including but not limited to invoices, purchase orders, loans, accounts receivable, and accounts payable: Beautyko USA Inc.; Bennoti USA Inc.; Beautyko LLC; Linoi LLC; Shop Flash USA Inc.; Avi Sivan; and Prem Ramchandani, between January 1, 2013 to Present.

Dkt. #144-1. Beautyko argues that the scope of discovery allowed under Rule 69 for non-parties is limited to a search for the judgment debtor's hidden assets, not the assets of Mr. Sivan or Mr. Ramchandani. Dkt. #142 at 3 (citing *La Suisse, Societe d'Assurances Sur La Vie v. Kraus*, 62 F.Supp. 3d 358, 361 (S.D.N.Y. 2014)).

In Response, Amazon relies on the same or similar law and arguments as its prior Motion. *See, e.g.,* Dkt. #149 at 6 (citing *Falicia*, *supra*; *Caisson Corp. v. County West Building Corp.*, 62 F.R.D. 331, 335 (E.D. Pa. 1974)). Amazon points out that "the information sought under the Subpoena calls for production of information related to the business dealings of Mr. Sivan and Mr. Ramchandani - both on behalf of or in addition to the named Plaintiffs/judgment debtors." *Id*. (citing Dkt. #144-1).

For the same reasons as stated above, the Court finds that Amazon may pursue the above subpoenas as stated, including seeking information about the third parties' dealings with Mr. Sivan, but not as to third parties' dealings with Mr. Ramchandani. Amazon has presented sufficient evidence that the lines between Mr. Sivan's businesses were sufficiently blurred to make them a mere extension of his personal business empire, but insufficient evidence as to Mr. Ramchandani to warrant seeking such information.

**C. Motion to Seal**

Finally, the Court will address Amazon's Motion to Seal. (Dkt. #147).

"There is a strong presumption of public access to the court's files." Local Rule 5(g). The Court's Local Rules explicitly instruct the parties to present legal and evidentiary support

in a motion to seal. Normally that motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." Local Rule 5(g)(3)(B). However:

> Where parties have entered a litigation agreement or stipulated protective order (see LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

Local Rule 5(g)(3).

Amazon's Response to Beautyko's Motion for Protective Order relies on tax returns and balance sheets filed as exhibits. *See* Dkt. #149 at 4 (citing Power Decl., Exs. D-H). Amazon filed these under seal because they were marked as confidential by Beautyko in discovery. Beautyko argues that there is no reason to make these documents public, and that they should remain sealed for privacy reasons. Dkt. #155 at 1 – 2 (citing *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 190-91 (C.D. Cal. 2006); *Ross v. B. None Enterprises, Inc.*, 2:13-CV-00234 KJM, 2014 WL 2700901 at 2 (E.D. Cal. June 13, 2014)). Amazon argues that Beautyko's cited cases are inapposite because *A. Farber* did not involve the issue of sealing on the record, and because Beautyko has failed to present here specific evidence of good cause to seal as was presented in *Ross*. Dkt. #156. The Court agrees with Amazon and finds that Beautyko has failed to meet its burden to show why these documents should be sealed. Accordingly, Amazon's Motion to Seal will be denied.

### III. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that:

ORDER RE: SUPPLEMENTAL PROCEEDINGS - 7

1) Amazon's Motion for Supplemental Proceedings (Dkt. #139) is GRANTED PART.

2) The Judgment Debtors Beautyko LLC; Linoi LLC; Shop Flash USA Inc.; Beautyko USA Inc.; and Bennoti USA Inc. shall appear in the courtroom of Judge Ricardo Martinez on May 22, 2018, at 10 a.m. to be examined under oath concerning any assets or property the Judgment Debtors may have.

3) The Judgment Debtors shall bring to the examination the following documents:

   a. Financial statements prepared and/or given at the request of any bank or financial institution, or any other lender, within the past five (5) years.

   b. Corporate records reflecting the membership and ownership of each Judgment Debtor between January 2013 to present.

   c. Identification of all savings accounts, checking accounts, other bank accounts, and/or safety deposit boxes that have been maintained on behalf of each Judgment Debtor since January 1, 2013, and copies of account statements since January 1, 2016. This includes accounts in the names of Judgment Debtors as well as the names of the owners of Judgment Debtors or the name of any other member of their families who have held or are holding any moneys on behalf of or for Judgment Debtors.

   d. Corporate income tax returns for the past five years for each Judgment Debtor and all income tax returns for any business in which Avi Sivan has had an interest in at any point in the past five years. If the filing of the most recent return is pending but the return has been prepared or the information is available, this information is requested as well.

e. Personal income tax returns for the past five years for Avi Sivan. If the filing of the most recent return is pending but the return has been prepared or the information is available, this information is requested as well.

f. Liability insurance policies held by Judgment Debtors between January 2013 to present, and documents reflecting any claims filed and the status of such claims.

g. Documents reflecting the current assets and liabilities of each Judgment Debtor, and all asset transfers since January 1, 2013.

h. Documents reflecting all personal property owned, in whole or in part, by Judgment Debtors between January 2013 to present, including but not limited to cash, stocks, notes, judgments, bonds, U.S. treasury bills, mutual funds, money market investments, equipment, machinery, tools, computers, artwork, and multi-media equipment.

i. Documents and records reflecting all real property owned, in whole or in part, by any Judgment Debtor since January 1, 2013.

j. Documents and records reflecting or referring to all mortgages or liens existing against the real property identified in response to letter i.

k. Certificates of title reflecting all vehicles owned, in whole or in part, by any Judgment Debtor since January 1, 2013, including but not limited to cars, trucks, motorcycles, boats, or recreational vehicles or vessels.

l. Documents reflecting proceeds from sales by Judgment Debtors between January 2013 to present.

m. Documents reflecting the existence of any security interest, sales contracts, or conditional sales contracts on the items of property owned by Judgment Debtors.

   n. Records of all accounts receivable, notes receivable, or indebtedness due with respect to each Judgment Debtor.

4) Failure of the Judgment Debtors to appear at the time, date, and place set forth above may cause the Court to issue a bench warrant for the apprehension of the officer(s) of Judgment Debtors. Additionally, pursuant to RCW 6.32.010, reasonable attorneys' fees and costs may be assessed at a later date by motion.

5) Beautyko's Motion for Protective Order (Dkt. #142) is GRANTED IN PART as stated above. To the extent subpoenas already issued seek information protected by this Order, Amazon is ordered to instruct subpoena recipients to limit the documents they produce accordingly.

6) Amazon's Motion to Seal (Dkt #147) is DENIED. The Clerk shall UNSEAL Dkt. #152.

DATED this 16 day of April 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE